UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

      Plaintiff,

  v.

BLUEPOINT INVESTMENT COUNSEL,
LLC, et al.,

      Defendants.

Case No. 19-cv-809

**REPLY TO SEC'S OPPOSITION TO DEFENDANTS' MOTION FOR AMENDED PRELIMINARY PRETRIAL CONFERENCE ORDER AND REQUEST FOR STATUS CONFERENCE**

Defendants Bluepoint Investment Counsel, Inc. ("Bluepoint"), Michael G. Hull ("Hull"), Christopher J. Nohl ("Nohl"), Chrysalis Financial, LLC ("Chrysalis"), and Greenpoint Asset Management II, LLC ("GAM") (collectively, "Defendants"), reply to the SEC's Opposition to Defendants' Motion for Amended Preliminary Pretrial Conference Order and Request for Status Conference (Doc. 29) ("Opposition") as follows:

SEC's Opposition maintains Defendants are "seeking a discovery process that would require the SEC to obtain court approval before seeking any third-party discovery." Opposition, p. 3. Except as obvious to any reader, Defendants have not asked for that – they have asked for reasonable notice between issuing a Notice of Subpoena and service of the same subpoena. The requested notice comports with the practice of other courts and considerations addressed in case law cited in Defendants' Memorandum in Support of Motion for Amended Preliminary Pretrial Conference Order.

The claim that Defendants seek to require court approval appears to be an effort to obfuscate a clear failure by SEC to cooperate in discovery. Moreover, it requires the confusion of the Motion for Contempt filed in the related bankruptcy proceeding with the instant motion. SEC writes that taken together, the Motion for Contempt and the instant motion "would impermissibly conflate the two proceedings and elevate the bankruptcy court into a position to control and limit discovery in this case." Opposition, p. 3.

SEC bases this claim on the notion that because Defendants Nohl and Hull operate Greenpoint Tactical Income Fund, LLC ("GTIF") and GP Rare Earth Trading Account, LLC ("GPRE") as debtors-in-possession in the bankruptcy, those entities' actions in the bankruptcy are Nohl and Hull's. Opposition, p. 2. This is obviously not the law. GTIF and GPRE are separate legal entities with separate interests and duties in the context of the bankruptcy from Nohl and Hull in the context of this case.

It is SEC that impermissibly conflates the Defendants with GTIF and GPRE,[1] and the relief sought in this proceeding with relief sought by GTIF and GPRE in the bankruptcy. Further, whatever the outcome of the Motion for Contempt in the bankruptcy proceeding, that is separate and apart from the relief sought by Defendants in this Court. SEC submitted itself to the bankruptcy court's jurisdiction when it filed a motion for appointment of a trustee in that case; it is bound by the bankruptcy court's ruling on the Motion for Contempt, but that has little impact in this case. The debtors' Motion for Contempt in the bankruptcy is based on the fact that discovery issued in this case was similar to discovery requested in the bankruptcy case by SEC that SEC ultimately chose not to pursue after the bankruptcy court issued discovery restrictions, and the debtors' concern that SEC issued discovery captioned under this case to evade discovery

---

[1] SEC again asserts that it intends to name GPRE and GTIF as Defendants in this matter (requiring it to amend its Complaint, which is currently the subject of a pending Motion to Dismiss). SEC first asserted this position a month ago. It still has not done so. The Court should not give any weight to that assertion, whatever its asserted relevance.

restrictions in that case. The fact is that the SEC chose to litigate similar issues in two cases against separate parties before two separate courts, and it may find that two courts are now issuing orders affecting its actions.

Defendants seek nothing more than an order requiring the parties to give each other advance notice of subpoenas sufficiently before they are served so that any impacted party's interests can be protected. They have described numerous reasons, including protecting GTIF and GPRE (and their investors), and their bankruptcy sale process, for doing so. SEC now seeks to relitigate the discovery restrictions in the bankruptcy court, but the fact is that those restrictions are in place for a reason and to the extent possible, this Court should seek to avoid harming the bankruptcy asset sale process. Further, Defendants have acknowledged that the standard for preventing service of a subpoena would be high and would require a showing of cause – in no way does requiring sufficient notice to Defendants mean that the average subpoena is likely to end up before this Court or require leave. SEC's characterization of Defendants' actions, the deliberate confusion of Defendants with GTIF and GPRE, and the deliberate confusion of the bankruptcy contempt filing with the instant motion are all incorrect and should be disregarded.

Wherefore the Defendants respectfully request that the Court grant the relief requested in Defendants' Motion for Amended Preliminary Pretrial Conference Order, including amending the January 15, 2020, Preliminary Pretrial Conference Order to provide that (a) all parties shall serve notice of any third-party subpoenas on all other parties at least 3 days prior to service of the subpoena, and (b) all parties shall produce to all other parties any documents received in response to any subpoena no later than 3 days after receipt; and any other relief the Court deems appropriate.

Dated this 5th day of February, 2020.

        HUSCH BLACKWELL LLP
        Attorneys for Defendants

By:   */s/ Patrick S. Coffey*
      Patrick S. Coffey
      State Bar No. 1002573
      Robert M. Romashko
      State Bar No. 1106485

555 E. Wells Street, Suite 1900
Milwaukee, Wisconsin 53202-3819
(414) 273-2100
(414) 223-5000 (fax)
Robert.Romashko@huschblackwell.com
Patrick.Coffey@huschblackwell.com

## CERTIFICATE OF SERVICE

    I hereby certify that on this 5th day of February, 2020, a true and correct copy of the foregoing was filed and served via the CM/ECF system, to all parties receiving CM/ECF notices in this case.

        /s/*Patrick S. Coffey*
        Patrick S. Coffey