UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

      Plaintiff,

v.

BLUEPOINT INVESTMENT COUNSEL,
LLC, et al.,

      Defendants.

Case No. 19-cv-809

---

### MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
### PRODUCTION OF PRIVILEGE LOG

---

Defendants Bluepoint Investment Counsel, Inc. ("Bluepoint"), Michael G. Hull ("Hull"), Christopher J. Nohl ("Nohl"), Chrysalis Financial, LLC ("Chrysalis"), Greenpoint Asset Management II, LLC ("GAM"), Greenpoint Tactical Income Fund, LLC ("GTIF") and GP Rare Earth Trading Account, LLC ("GPRE") (collectively, "Defendants"), in support of their Motion to Compel Production of Privilege Log, state as follows:

**SEC Refusal to Provide an Estimated Timeframe for Production of a Privilege Log**

Defendants bring this motion due to the refusal of Plaintiff, the United States Securities and Exchange Commission ("SEC"), to cooperate in response to multiple requests for an estimate of time or date specific for the provision of a privilege log. SEC's failure to cooperate, in the face of this Court's direction and SEC's obligations in discovery, regrettably requires this filing.

SEC's conduct risks further delay in this case, and prejudices Defendants by preventing them from addressing substantive discovery disputes lurking here based on SEC's withholding of

discoverable information. Defendants recognize that the ongoing COVID-19 crisis could serve to delay case discovery matters. If those circumstances were at issue, they would be understandable and accommodated by Defendants. But to be clear, the SEC conduct prompting this filing began before the crisis and SEC counsel has never suggested that the health emergency is serving to prevent their cooperation or handling of this discovery matter.[1]

On February 13, 2020, SEC responded to Defendants' Interrogatories and Requests for Production of Documents with assertions of various privileges including attorney-client privilege, law enforcement privilege, deliberative process privilege, and work-product doctrine. No privilege log identifying the documents to which said protections apply was provided. Defendants have subsequently made repeated requests (five written, two telephonic) for information on the timing for delivery of a log. SEC has refused to provide even an estimate. Defendants therefore request the Court order SEC to produce a privilege log for all items withheld in response to Defendants' January 14, 2020 discovery requests no later than April 8, 2020.

### SEC Disregard of Repeated Requests for Information on Privilege Log

Defendants have requested information about when SEC intends to produce a privilege log seven times:

January 14, 2020 – Defendants Bluepoint, Hull, Nohl, Chrysalis, and GAM served Requests for Production of Documents and Interrogatories on SEC. A copy of Defendants' First Set of Interrogatories to Plaintiff are attached hereto as Exhibit A. A copy of Defendants' First Set of Requests for Production is attached hereto as Exhibit B.

---

[1] SEC, within hours of receiving Defendants' responses to both its first round of discovery requests (on February 14, 2020) and third round of discovery requests (on March 19, 2020), demanded Defendants' counsel make themselves available for meet and confer calls within the next two business days. With respect to a second round of discovery requests, responses to which were served on March 12, 2020, SEC on March 16, 2020 again demanded Defendants' counsel make themselves available for a meet and confer call within the next two business days.

<u>February 13, 2020</u> – SEC served its discovery responses. A copy of SEC's Objections and Responses to Interrogatories is attached hereto as Exhibit C. A copy of SEC's Objections and Responses to Requests for Production is attached hereto as Exhibit D. The objections include privilege and work-production objections to four interrogatories and nearly all requests for production (each also contains an ineffective "general objection" on privilege grounds).

<u>February 14, 2020</u> – Defendants raised numerous discovery issues, including a request for information on a privilege log, in an email to SEC counsel. A copy of the February 14, 2020 email is attached hereto as Exhibit E; *see* page 1. SEC replied to other portions of the email but failed to offer any information as to when a privilege log would be produced.

<u>February 25, 2020</u> – Defendants identified the lack of a privilege log and failure to respond to the prior request on same in a letter sent to SEC counsel by email. A copy of this letter is attached hereto as Exhibit F; *see* page 2.

<u>February 26, 2020</u> – The parties held a telephonic meet and confer on issues raised by both parties with respect to the initial round of discovery. Defendants again raised the lack of a privilege log and requested information on the timing or volume of information to be logged. SEC refused to supply any of this information.

<u>February 28, 2020</u> – Defendants sent a follow-up letter on the February 26, 2020 meet and confer to SEC. The letter documented the request for information on a privilege log and requested a response (not production of a log) by March 10. A copy of this letter is attached hereto as Exhibit G; *see* page 4. A response was eventually received March 16, 2020, but no reference was made by SEC to production of a log; a copy of this reply is attached hereto as Exhibit H; *see* page 1.

March 18, 2020 – The parties held a second telephonic meet and confer, this time on SEC's second round of discovery requests. Again, Defendants' counsel requested a date by which a privilege log would be produced. SEC refused to offer a date or an estimate. When Defendants' counsel pointed out that the log was a month overdue, SEC counsel asserted there is no particular time required for production of a log.[2]

March 19, 2020 – Defendants sent a follow-up email on the March 18, 2020 meet and confer, and again requested that SEC identify the date by which it would produce a privilege log by March 21, 2020. A copy of this email is attached hereto as Exhibit I; *see* page 2. SEC replied to this email on March 20, 2020, but again did not respond to the request for information on the timing of production of a privilege log; a copy of SEC's reply is attached hereto as Exhibit J; *see* page 1.

March 23, 2020 – Defendants once more emailed SEC counsel requesting information on when a privilege log would be produced. A copy of the March 23, 2020 email is attached hereto as Exhibit K. On March 24, 2020, SEC emailed counsel for Defendants in response to other matters but continued to refuse to provide information in response to this inquiry.

### SEC's Failure to Cooperate Violates its Discovery Obligations

A request for information on the timing of another party's privilege log is a routine matter of communication and cooperation between parties in litigation.  SEC's refusal to even provide an estimate of timing is unjustifiable and reflects disregard of SEC's obligations under the

---

[2] Federal Rule of Civil Procedure 26(b)(5)(ii) requires that a party asserting a claim of privilege provide a privilege log but does not specify timing of the. Numerous courts, however, have held that the log is due contemporaneously with discovery responses. *Kramer v. Am. Bank & Tr. Co., N.A.*, No. 11 C 8758, 2015 WL 13735745, at *2 (N.D. Ill. Aug. 17, 2015), *report and recommendation adopted*, No. 11 C 8758, 2016 WL 1238172 (N.D. Ill. Mar. 30, 2016) (criticizing practice of serving privilege logs months or years after raising initial objections); *Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 577 (D. Md. 2010).

Federal Rules of Civil Procedure and this Court's Preliminary Pretrial Conference Order (Dkt. 23):

> "The parties must attend diligently to their obligations in this lawsuit and must reasonably accommodate each other in all matters so as to secure the just, speedy and inexpensive resolution of each proceeding in this matter as required by Fed. R. Civ. Pro. 1. Failure to do so shall have consequences."

SEC's obstructionist and improper conduct in this discovery matter is serving to frustrate Defendants' ability to advance important discovery matters and warrants intervention by this Court.

## Conclusion

Defendants therefore respectfully request that the Court order SEC to serve a complete privilege log on Defendants no later than April 8, 2020, and grant such other and further relief as the Court deems appropriate in light of the conduct and circumstances at issue.

Dated this 25th day of March, 2020.   HUSCH BLACKWELL LLP
Attorneys for Defendants


By:   */s/ Patrick S. Coffey*
Patrick S. Coffey
State Bar No. 1002573
Robert M. Romashko
State Bar No. 1106485

555 E. Wells Street, Suite 1900
Milwaukee, Wisconsin 53202-3819
(414) 273-2100
(414) 223-5000 (fax)
Robert.Romashko@huschblackwell.com
Patrick.Coffey@huschblackwell.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 25th day of March, 2020, a true and correct copy of the foregoing was filed and served via the CM/ECF system, to all parties receiving CM/ECF notices in this case.

                                      /s/*Patrick S. Coffey*
                                      Patrick S. Coffey