# EXHIBIT 14

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES SECURITIES<br>AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br>       v.<br><br>BLUEPOINT INVESTMENT COUNSEL,<br>LLC, MICHAEL G. HULL,<br>CHRISTOPHER J. NOHL,<br>CHRYSALIS FINANCIAL LLC,<br>GREENPOINT ASSET MANAGEMENT II<br>LLC, GREENPOINT TACTICAL<br>INCOME FUND LLC and GP<br>RARE EARTH TRADING ACCOUNT LLC<br><br>       Defendants. | Case No. 19-cv-809 |

### PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION
### TO DEFENDANTS

Plaintiff, the U.S. Securities and Exchange Commission ("SEC" or "Plaintiff"), pursuant

to Rule 34 of the Federal Rules of Civil Procedure, requests that Defendants Bluepoint

Investment Counsel LLC ("Bluepoint"), Michael G. Hull ("Hull"), Christopher J. Nohl ("Nohl"),

Chrysalis Financial, LLC ("Chrysalis"), Greenpoint Asset Management II, LLC ("Greenpoint

Management II"), Greenpoint Tactical Income Fund LLC ("Greenpoint Tactical Income Fund"

or the "Fund"), and GP Rare Earth Trading Account LLC ("GP Rare Eart") (collectively

"Defendants") (i) provide the undersigned counsel with copies of their written response to these

Requests and (ii) produce copies of the requested documents by March 12, 2020 to the

undersigned counsel.

## Definitions and Instructions

A.     The terms in the SEC's requests should be given their natural meaning and are intended to require a complete disclosure of the facts of this case. If in doubt, you should interpret the SEC's discovery requests as seeking a complete disclosure of all relevant information described in the request. Please contact counsel for the SEC if you have questions about the scope or meaning of any of the requests.

B.     You should produce all requested items that are in your possession, custody, or control. Items under your control or custody but not in your immediate possession should be obtained and submitted by you.

C.     The term "documents" has the broadest possible meaning under the Federal Rules of Civil Procedure. It includes, without limitation, all forms of documents or electronically stored information—including email, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation into a reasonably usable form. Documents include electronically stored information ("ESI") and metadata. The term also encompasses draft materials.

D.     If electronic versions of any responsive documents are available (*e.g.,* a Word version of a letter, excel spreadsheet, email, or email attachment), produce the electronic version in native format, including any metadata. The electronic documents shall be produced in the form the Defendant created, received, or acquired it. For example, if Defendant created, received, or acquired native files (including, but not limited to, word documents, excel spreadsheets, emails, etc.), then such native files shall be produced in their native format, including metadata.

2

E.    If copies of a document differ in any way, they are considered separate documents and you should send each one.  For example, if you have two copies of the same letter, but only one of them has handwritten notes on it, you should send both the clean copy and the one with notes.

F.    "SEC" means the plaintiff in this action, the United States Securities and Exchange Commission.

G.    "Communication" or "communications" include, but are not limited to, email, correspondence, websites, web pages, video or sound recordings, any other tangible record or computer record, telephone messages, notes, calendars, or memoranda.

H.    "Complaint" means the First Amended Complaint filed in this action on February 7, 2019 or any subsequent amended complaint that is filed in this action.

I.    "Greenpoint Tactical Income Fund" means Greenpoint Tactical Income Fund and its parents, predecessors, successors, subsidiaries, partnerships, or trade or business names used by any of the foregoing.

J.    "GP Rare Earth" means GP Rare Earth Trading Account LLC and its parents, predecessors, successors, subsidiaries, partnerships, or trade or business names used by any of the foregoing.

K.    "Chrysalis" means "Chrysalis Financial, LLC" and its parents, predecessors, successors, subsidiaries, partnerships, or trade or business names used by any of the foregoing.

L.    "Greenpoint Management II" means Greenpoint Asset Management II, LLC and its parents, predecessors, successors, subsidiaries, partnerships, or trade or business names used by any of the foregoing.

M.      "Hull" means Michael G. Hull, as well as his agents, attorneys, entities acting under his control or direction, and those persons authorized to act on his behalf.

N.      "Nohl" means Christopher J. Nohl, as well as his agents, attorneys, entities acting under his control or direction, and those persons authorized to act on his behalf.

O.      The terms "and" and "or" shall be construed either disjunctively or conjunctively whenever appropriate in order to bring within the scope of these requests any documents that might otherwise be considered beyond their scope.

P.      "Relating," "reflecting," "regarding," or "concerning" shall be construed broadly and mean, in whole or in part, constituting, containing, embodying, reflecting, identifying, stating, referring, evidencing, or in any way being relevant.

Q.      The terms "include" and "including" mean "including, but not limited to" and "without limitation."

R.      If an email attachment contains responsive material, please produce the email attaching that document.  Conversely, if a responsive document is attached to an email, produce both the attachment and the corresponding parent email.

S.      The term "information" has a broad meaning and includes documents, oral statements and communications, visual media, and information stored in electronic form or available on the internet.

T.      With respect to any document over which a privilege is asserted, prepare a log as provided in the Federal Rules.  Identify each document and the basis for the claim of privilege by indicating the date prepared, author, addressee, other recipients, number of pages, the general subject matter and the specific privilege at issue.

4

U.     Unless otherwise specified, the time period for the requests is January 1, 2014 through the present.  However, if you intend to use responsive documents from any other time period, please produce those documents as well.

V.     In the event you object to any portion of these requests, please state your objection(s) clearly and produce the documents or materials responsive to the portion of the request to which you do not object.

W.     Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, all responses to discovery requests must be reasonably and timely supplemented throughout this litigation.

## Document Requests

1.     Produce documents sufficient to show or evidence all investor contributions to Greenpoint Tactical Income Fund, including investor names and amounts invested in the Fund, from inception of the Fund to the present.

2.     Produce all documents showing or evidencing all investor requests for redemptions, investor redemptions, and distributions to investors from the inception of the Fund to the present.

Dated:  February 11, 2020

5

**UNITED STATES SECURITIES
AND EXCHANGE COMMISSION**

By: /s/Doressia L. Hutton

Doressia L. Hutton (HuttonD@sec.gov)
Christopher H. White (WhiteCh@sec.gov)
175 West Jackson Boulevard, Suite 1450
Chicago, IL 60604-2615
(312) 353-7390
(312) 353-7398 (fax)

*Attorneys for Plaintiff the United States
Securities and Exchange Commission*

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2020, I served the foregoing **PLAINTIFF'S SECOND
SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS** upon Defendants via
electronic mail and via first class mail

Patrick S. Coffey
Robert M. Romashko
555 E. Wells Street, Suite 1900
Milwaukee, Wisconsin 53202-3819
Robert.Romashko@huschblackwell.com
Patrick.Coffey@huschblackwell.com.

By: */s/Doressia L. Hutton*

6