# EXHIBIT 17

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 19-cv-809 |
| BLUEPOINT INVESTMENT COUNSEL, LLC, MICHAEL G. HULL, CHRISTOPHER J. NOHL, CHRYSALIS FINANCIAL LLC, GREENPOINT ASSET MANAGEMENT II LLC, GREENPOINT TACTICAL INCOME FUND LLC and GP RARE EARTH TRADING ACCOUNT LLC | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION
TO DEFENDANTS**

Plaintiff, the U.S. Securities and Exchange Commission ("SEC" or "Plaintiff"), pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests that Defendants Bluepoint Investment Counsel LLC ("Bluepoint"), Michael G. Hull ("Hull"), Christopher J. Nohl ("Nohl"), Chrysalis Financial, LLC ("Chrysalis"), Greenpoint Asset Management II, LLC ("Greenpoint Management II"), Greenpoint Tactical Income Fund LLC ("Greenpoint Tactical Income Fund" or the "Fund"), and GP Rare Earth Trading Account LLC ("GP Rare Earth") (collectively "Defendants") (i) provide the undersigned counsel with copies of their written response to these Requests and (ii) produce copies of the requested documents by March 19, 2020 to the undersigned counsel.

1

**Definitions and Instructions**

A.  The terms in the SEC's requests should be given their natural meaning and are intended to require a complete disclosure of the facts of this case. If in doubt, you should interpret the SEC's discovery requests as seeking a complete disclosure of all relevant information described in the request. Please contact counsel for the SEC if you have questions about the scope or meaning of any of the requests.

B.  You should produce all requested items that are in your possession, custody, or control. Items under your control or custody but not in your immediate possession should be obtained and submitted by you.

C.  The term "documents" has the broadest possible meaning under the Federal Rules of Civil Procedure. It includes, without limitation, all forms of documents or electronically stored information—including email, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation into a reasonably usable form. Documents include electronically stored information ("ESI") and metadata. The term also encompasses draft materials.

D.  If electronic versions of any responsive documents are available (*e.g.,* a Word version of a letter, excel spreadsheet, email, or email attachment), produce the electronic version in native format, including any metadata. The electronic documents shall be produced in the form the Defendant created, received, or acquired it. For example, if Defendant created, received, or acquired native files (including, but not limited to, word documents, excel spreadsheets, emails, etc.), then such native files shall be produced in their native format, including metadata.

  E. If copies of a document differ in any way, they are considered separate documents and you should send each one.  For example, if you have two copies of the same letter, but only one of them has handwritten notes on it, you should send both the clean copy and the one with notes.

  F. "SEC" means the plaintiff in this action, the United States Securities and Exchange Commission.

  G. "Communication" or "communications" include, but are not limited to, email, correspondence, websites, web pages, video or sound recordings, any other tangible record or computer record, telephone messages, notes, calendars, or memoranda.

  H. "Complaint" means the First Amended Complaint filed in this action on February 7, 2020 or any subsequent amended complaint that is filed in this action.

  I. "Greenpoint Tactical Income Fund" means Greenpoint Tactical Income Fund and its parents, predecessors, successors, subsidiaries, partnerships, or trade or business names used by any of the foregoing.

  J. "GP Rare Earth" means GP Rare Earth Trading Account LLC and its parents, predecessors, successors, subsidiaries, partnerships, or trade or business names used by any of the foregoing.

  K. "Chrysalis" means "Chrysalis Financial, LLC" and its parents, predecessors, successors, subsidiaries, partnerships, or trade or business names used by any of the foregoing.

  L. "Greenpoint Management II" means Greenpoint Asset Management II, LLC and its parents, predecessors, successors, subsidiaries, partnerships, or trade or business names used by any of the foregoing.

  M. "Hull" means Michael G. Hull, as well as his agents, attorneys, entities acting under his control or direction, and those persons authorized to act on his behalf.

  N. "Nohl" means Christopher J. Nohl, as well as his agents, attorneys, entities acting under his control or direction, and those persons authorized to act on his behalf.

  O. The terms "and" and "or" shall be construed either disjunctively or conjunctively whenever appropriate in order to bring within the scope of these requests any documents that might otherwise be considered beyond their scope.

  P. "Relating," "reflecting," "regarding," or "concerning" shall be construed broadly and mean, in whole or in part, constituting, containing, embodying, reflecting, identifying, stating, referring, evidencing, or in any way being relevant.

  Q. The terms "include" and "including" mean "including, but not limited to" and "without limitation."

  R. If an email attachment contains responsive material, please produce the email attaching that document. Conversely, if a responsive document is attached to an email, produce both the attachment and the corresponding parent email.

  S. The term "information" has a broad meaning and includes documents, oral statements and communications, visual media, and information stored in electronic form or available on the internet.

  T. With respect to any document over which a privilege is asserted, prepare a log as provided in the Federal Rules. Identify each document and the basis for the claim of privilege by indicating the date prepared, author, addressee, other recipients, number of pages, the general subject matter and the specific privilege at issue.

U.  Unless otherwise specified, the time period for the requests is January 1, 2014 through the present.  However, if you intend to use responsive documents from any other time period, please produce those documents as well.

V.  In the event you object to any portion of these requests, please state your objection(s) clearly and produce the documents or materials responsive to the portion of the request to which you do not object.

W.  Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, all responses to discovery requests must be reasonably and timely supplemented throughout this litigation.

## Document Requests

1.  All documents relating to the ownership of H Informatics LLC.

2.  All documents relating to the retention of H Informatics LLC by Greenpoint Tactical Income Fund.

3.  All documents relating to the decision for H Informatics LLC to charge Greenpoint Tactical Income Fund a fee of .85% of the Fund's assets.

4.  All documents relating to the ownership of Alt Asset Portfolio Services LLC.

5.  All documents relating to the retention of Alt Asset Portfolio Services LLC by Greenpoint Tactical Income Fund.

6.  All documents relating to the fees charged to Greenpoint Tactical Income Fund by Alt Asset Portfolio Services LLC.

7.  All documents relating to any loans to Hull from any investor in Greenpoint Tactical Income Fund.

8.  All documents relating to any loans to Nohl from any investor in Greenpoint Tactical Income Fund.

9. All documents relating to any loans to Chrysalis from any investor in Greenpoint Tactical Income Fund.

10. All documents relating to any loans to Greenpoint Management II from any investor in Greenpoint Tactical Income Fund.

11. All documents relating to any loans to any entity controlled or managed by Hull or Nohl from any investor in Greenpoint Tactical Income Fund.

12. All contracts between Amiran Technologies, Inc. or Biogenesis Enterprises and Chevron.

13. All documents relating to Amiran Technologies, Inc. or Biogenesis Enterprises being designated a tier 1 contractor with or by Chevron.

14. All contracts between Amiran Technologies, Inc. or Biogenesis Enterprises and Kuwait Oil Company.

15. All documents relating to Amiran Technologies, Inc. or Biogenesis Enterprises being designated a tier 1 contractor with or by Kuwait Oil Company.

16. All documents related to the arbitration involving Amiran Technologies, Inc., Biogenesis Enterprises, and GS Engineering, including all filings or submissions and documents and information exchanged in discovery.

17. All documents that evidence that the $265,000 loan to Hull from Greenpoint Tactical Income Fund on August 22, 2013 was disclosed to investors in the Greenpoint Tactical Income Fund.

18. All documents that evidence that the August 22, 2013 Finder's Fee Agreement for Greenpoint Fine Art Fund to pay Nohl a finder's fee was disclosed to investors in the Greenpoint Tactical Income Fund.

19. All documents that evidence that the $100,000 loan from Nohl to Greenpoint Tactical Income Fund on November 7, 2016 was disclosed to investors in the Greenpoint Tactical Income Fund.

20. All documents that evidence that the $25,000 loan from Hull to Greenpoint Tactical Income Fund on November 23, 2016 was disclosed to investors in the Greenpoint Tactical Income Fund.

21. All documents that evidence that the $105,000 loan from Nohl to Greenpoint Tactical Income Fund on December 7, 2016 was disclosed to investors in the Greenpoint Tactical Income Fund.

22. All documents that evidence that the $100,000 loan from Nohl to Greenpoint Tactical Income Fund on December 1, 2017 was disclosed to investors in the Greenpoint Tactical Income Fund.

23. All documents that evidence that the $150,000 loan from Nohl and his wife to Greenpoint Tactical Income Fund on March 26, 2018 was disclosed to investors in the Greenpoint Tactical Income Fund.

24. All documents that evidence that the $120,000 loan from Chrysalis to Greenpoint Tactical Income Fund on June 29, 2018 was disclosed to investors in the Greenpoint Tactical Income Fund.

25. All documents that evidence that the $18,250 loan from Nohl to Greenpoint Tactical Income Fund on July 25, 2018 was disclosed to investors in the Greenpoint Tactical Income Fund.

26. All documents that evidence that the $38,000 to $40,000 loan from Nohl to Greenpoint Tactical Income Fund on July 25, 2018 was disclosed to investors in the Greenpoint Tactical Income Fund.

27. All documents relating to any loans to Hull from Greenpoint Tactical Income Fund.

28. All documents relating to any loans to Nohl from Greenpoint Tactical Income Fund.

29. All documents relating to any loans to Chrysalis from Greenpoint Tactical Income Fund.

30. All documents relating to any loans to Greenpoint Management II from Greenpoint Tactical Income Fund.

Dated: February 18, 2020

**UNITED STATES SECURITIES AND EXCHANGE COMMISSION**

By: /s/Doressia L. Hutton
Doressia L. Hutton (HuttonD@sec.gov)
Christopher H. White (WhiteCh@sec.gov)
175 West Jackson Boulevard, Suite 1450
Chicago, IL 60604-2615
(312) 353-7390
(312) 353-7398 (fax)

*Attorneys for Plaintiff the United States Securities and Exchange Commission*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2020, I served the foregoing **PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS** upon Defendants via electronic mail

Robert.Romashko@huschblackwell.com
Patrick.Coffey@huschblackwell.com.

By: */s/Doressia L. Hutton*