IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> BLUEPOINT INVESTMENT COUNSEL, LLC, MICHAEL G. HULL, CHRISTOPHER J. NOHL, CHRYSALIS FINANCIAL LLC, GREENPOINT ASSET MANAGEMENT II LLC, GREENPOINT TACTICAL INCOME FUND LLC and GP RARE EARTH TRADING ACCOUNT LLC <br><br> Defendants. | Case No. 19-cv-809 <br><br> JURY DEMANDED |

## STIPULATION FOR PROTECTIVE ORDER

Upon stipulation of the parties for an order pursuant to Fed. R. Civ. P. 26(c) that confidential information be disclosed only in designated ways:

1. As used in the Protective Order, these terms have the following meanings:

   - "Attorneys" means counsel of record;

   - "Confidential" documents are documents designated pursuant to paragraph 2;

   - "Documents" are all materials within the scope of Fed. R. Civ. P. 34;

   - "SEC" means United States Securities and Exchange Commission;

   - "Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys;

   and

1

- "Written Assurance" means an executed document in the form attached as Exhibit A.

2. A Party may designate information in a document "Confidential," if it is

    (a) a sale price, acquisition cost, or appraised value of a specific gem or mineral that is currently owned by Greenpoint Tactical Income Fund LLC;

    (b) financial information of non-parties; or

    (c) a trade secret or other confidential research, development, or commercial information.

A party may not designate information "Confidential" if information is (a) obtained from a public source, (b) has been made public by Defendants, (c) has been included in the pleadings or elsewhere in the public record in this case before this protective order is entered, or (d) was produced to the SEC during the SEC's investigation captioned Bluepoint Investment Counsel LLC C-8331.  The party asserting that the material is Confidential shall do so at the time of production of the documents and shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

3. All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in paragraph 4.

4. Access to any Confidential document shall be limited to:

    (a) the Court and its staff;

    (b) Attorneys and their law firms, the SEC, and each party's Outside Vendors;

    (c)    persons shown on the face of the document to have authored or received it;

    (d)    court reporters retained to transcribe testimony and videographers;

    (e)    the parties;

    (f)    witnesses, including their attorneys, for interviews or depositions;

    (g)    expert witnesses and their staff;

    (h)    Greenpoint Tactical Income Fund LLC's and GP Rare Earth Trading Account LLC's bankruptcy attorneys;

    (i)    outside independent persons (*i.e.*, persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony or interviews in this action.

5.    Non-parties producing documents in the course of this action may also designate documents as Confidential, subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action.

6.    Each person appropriately designated pursuant to paragraphs 4(i) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A.

7.    Any party who inadvertently fails to identify documents as Confidential at the time the document is produced shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to

receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

8. If a party files a document containing Confidential information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for the Western District of Wisconsin. Prior to disclosure at trial or a hearing of materials or information designated "Confidential", the parties may seek further protections against public disclosure from the Court.

9. If a party files a document containing Confidential information with the Court, it shall do so by filing the document *both* (1) on the public docket, redacting the Confidential information, *and* (2) under seal with the Clerk of Court in compliance with the applicable local rules governing the filing of such information. Counsel shall provide the Court with two courtesy copies of each sealed document – a hard copy and an electronic copy (furnished on a CD, thumb drive, or similar media). The confidential information (i.e., the information that was redacted from the publicly filed document) must be ***highlighted in yellow*** on both the hard copy and the electronic copy provided to the Court. The sealing of entire pleadings, memoranda of law, exhibits, and the like is strongly discouraged; however, in the rare event that an entire document is filed under seal, the courtesy copies of that document shall so note.

10. Any submission filed with the court that is sealed and posted on the CM/ECF system with a placeholder shall be sent electronically or hand-delivered to all parties on the same day the documents are posted on the CM/ECF system.

11. Any party or non-party may request a change in the designation of any information designated Confidential. Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any non-party whose

designation of produced documents as Confidential in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

12. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as Confidential, and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within the 60-day period. However, Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action. Notwithstanding any other provision of this Protective Order, the Securities and Exchange Commission may retain such materials as it deems necessary to comply with its record-keeping obligations under the law.

13. Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

14. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

15. Notwithstanding any other provision of this Protective Order, the Securities and Exchange Commission shall not be limited in its ability to share, disclose, or produce any information received in connection with this action with any other federal or state authority, agency, or department, or to the extent otherwise required by law or permitted pursuant to the terms of SEC Form 1662.

16. The obligations imposed by the Protective Order shall survive the termination of this action.

Stipulated to:

Date: August 7, 2020

/s/Doressia L. Hutton
Attorney for Plaintiff US Securities and Exchange Commission

Date: August 7, 2020

/s/ Robert M. Romashko
Attorney for Defendant Bluepoint Investment Counsel, LLC

Date: August 7, 2020

/s/ Robert M. Romashko
Attorney for Defendant Michael G. Hull

Date: August 7, 2020

/s/ Robert M. Romashko
Attorney for Defendant Greenpoint Asset Management II LLC

Date: August 7, 2020

/s/ Robert M. Romashko
Attorney for Defendant Christopher J. Nohl

Date: August 7, 2020

/s/ Robert M. Romashko
Attorney for Defendant Chrysalis Financial LLC


Date: August 7, 2020

/s/ Robert M. Romashko
Attorney for Defendant Greenpoint Tactical Income Fund LLC


Date: August 7, 2020

/s/ Robert M. Romashko
Attorney for Defendant GP Rare Earth Trading Account LLC

**EXHIBIT A**
**WRITTEN ASSURANCE**

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____ . My telephone number is _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and I understand the terms of the Protective Order dated _____, filed in Case No. 19-cv-809-wmc-slc pending in the United States District Court for the Western District of Wisconsin. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the Western District of Wisconsin for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____       _____
                 (Date)                                              (Signature)