

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
175 W. Jackson Boulevard, Suite 1450
Chicago, IL 60604

CHICAGO
REGIONAL OFFICE

**DIVISION OF ENFORCEMENT**

Christopher H. White
Senior Attorney
(312) 435-7411
whitech@sec.gov

February 18, 2021

VIA CM/ECF
Honorable William M. Conley
United States District Court Judge
Western District of Wisconsin
120 North Henry Street
Madison, WI 53703

      Re: *SEC v. Bluepoint Investment Counsel, et al.,* No. 19-cv-809

Dear Judge Conley:

      This letter is submitted by Plaintiff United States Securities and Exchange Commission ("SEC") in response to the "Debtors' Statement With Respect to Discovery Schedule" (ECF No. 102) filed by bankruptcy counsel for two of the seven defendants in this SEC Law Enforcement Action in response to Husch Blackwell LLPs' motion to withdraw as counsel (ECF Nos. 95, 97). Defendant-Debtors Greenpoint Tactical Income Fund LLC ("GTIF") and GP Rare Earth Trading Account LLC ("GP Rare Earth") request an extended and indefinite stay of discovery in this Law Enforcement Action. The SEC believes the Court should be aware of recently discovered information that raises serious concerns about the sale of assets of Defendant GTIF to a potential undisclosed related party. The SEC's efforts to discover more information about this would be halted if Defendants' requested stay of discovery is granted.

      On December 18 and 21, 2020, a man named Jay Kirsch filed notices with the SEC on behalf of eight different entities[1] to conduct private offerings of securities. (The eight filings are attached hereto as Exhibits 1-8). The offerings range in size from $1.525 million to $200 million. Each of the entities is located at the same address – 22 East Mifflin Street, Suite 302, in Madison. That location is also the office of Defendant Bluepoint Investment Counsel LLC ("Bluepoint") and Defendant Greenpoint Asset Management II LLC ("Greenpoint Management II"), both of which are controlled by Defendant Michael Hull. (The WDFI registrations for Bluepoint and Greenpoint Management II are attached hereto as Exhibits 9 and 10). Additionally, in discovery in this case, a third-party produced an email from Defendant

---

[1] The eight entities are: 1550 Capital Group LLC, Amtrust Capital Group LLC, Archangel Capital Group LLC, Dentalist Capital Group LLC, Desautels Capital Group LLC, Hitlist Capital Group LLC, Tevetron Capital Group LLC, and Yodelay Capital Group LLC.

February 18, 2021
Page 2

Christopher Nohl sending drafts of the offering and organizational documents for one of the eight entities to Kirsch and another person. (The email is attached hereto as Exhibit 11).

Several of the eight entities have names very similar to companies in which GTIF has purchased securities, and those securities are thus assets of GTIF. For example, one of the eight new entities is Archangel Capital Group LLC, and GTIF (through its wholly-owned subsidiary GP Device LLC) owns securities of Archangel Device LLC. (*See* ECF No. 48-6 at pp. 15-17).

In its December monthly operating report in the bankruptcy proceeding, GTIF identified $25,000 in receipts from Archangel Capital Group LLC, and another $103,972.63 in receipts from Archangel Device LLC. (*See* Exhibit 12 at p. 5 (BR ECF No. 900)). Concerned that these payments may represent a sale of GTIF's assets to an undisclosed related party, the SEC sent two emails to defense counsel at Husch Blackwell asking for an explanation of these transactions, as well as the production of supporting documents, which are responsive to a previous request for production. (*See* emails of 2/11/21 and 2/16/21, attached hereto as Exhibit 13). Defendants have not responded to the SEC's emails.

The SEC also issued a third-party subpoena to Archangel Capital Group LLC on February 12, 2021 and attempted to serve it at the Mifflin Street address. The process server was refused entry by the building management, which denied any knowledge of Archangel Capital Group LLC. The process server took a photograph of the building directory, which identifies the occupants of Suite 302 as Defendant Bluepoint, Defendant Greenpoint Management II, and three other entities—one of which, H Family Office, is also identified in the SEC's complaint as an entity partially owned by Defendant Hull that received undisclosed related-party payments from GTIF. (*See* ECF No. 33 ¶¶ 106, 110). (The photograph is attached as Exhibit 14). The SEC is continuing its efforts to serve the subpoena.

GP Device LLC is listed on GTIF's bankruptcy schedules as an asset of the estate (*see* BR ECF No. 25 at p. 31) and GTIF stated in a bankruptcy court filing that it is "wholly owned by the debtor which has complete control over its activities" (BR ECF No. 83 at p.9). However, the Debtors did not seek approval of the sale of the assets from the bankruptcy court.

As alleged in the SEC's First Amended Complaint, "Hull, Nohl, and their entities have unlawfully enriched themselves at the expense of investors by engaging in undisclosed self-dealing and related party transactions." (ECF No. 33 ¶ 10). The SEC is concerned that Defendants may be engaging in related party transactions that are not at arm's length. If that is the case, Defendants are at a minimum undermining any disgorgement remedy the SEC may obtain in this Law Enforcement Action. The SEC is attempting to get answers through discovery. The SEC also needs to question Defendant Hull and Defendant Nohl about these transactions in their depositions, which will be rescheduled as soon as the Court decides whether there will be a stay of discovery.

In these circumstances, the Defendant-Debtors' request for an extended and indefinite stay of discovery is troubling.[2] The SEC must be able to continue to investigate whether there is

---

[2] Defendant-Debtors also request a stay of discovery until this Court rules on their pending motion to dismiss. Magistrate Judge Crocker previously rejected such a request from the other defendants. (*See* ECF No. 23).

February 18, 2021
Page 3

a potentially ongoing effort by the Defendants to engage in undisclosed related party transactions that are not for fair value or conducted at arm's length.  In particular, compliance with outstanding third-party subpoenas should not be stayed, and the SEC should be allowed to pursue additional third-party discovery concerning how and to whom GTIF may be disposing of its assets.

    Thank you for your consideration of this letter.

                           Respectfully submitted,
                           <u>/s/ Christopher H. White</u>


cc:  All counsel of record via ECF