IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,                OPINION AND ORDER

   v.

                                                19-cv-809-wmc

BLUEPOINT INVESTMENT
COUNSEL, et. al.,

                Defendants.

---

On September 30, 2019, the Securities and Exchange Commission ("SEC") brought this suit against defendants, alleging that Michael Hull, Christopher Nohl, and several of their associated funds violated the Securities Exchange Act. Now before the court are several motions in limine that must be addressed in advance of the Final Pretrial Conference ("FPTC").

OPINION

**I. Motions in Limine for Plaintiff**

    a. **TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT RELATING TO DEFENDANTS' EQUITABLE AFFIRMATIVE DEFENSES, REMEDIES, AND OTHER ASSERTIONS OF HARM**

Plaintiff's first motion is to bar testimony regarding defendants' so-called "equitable" affirmative defenses. (Pl.'s Mot. (dkt. #175) 1.) Given the court's recent ruling dismissing those defenses (dkt. #225), this motion in limine is DENIED AS MOOT.

    b. **TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT RELATING TO DEFENDANTS' PURPORTED RELIANCE ON ADVICE OF COUNSEL OR INVOLVEMENT OF LAWYERS**

Plaintiff next moves to exclude evidence of reliance on counsel as a defense. (Pl.'s Mot. (dkt. #194.) 1.) Defendants contend that while they have no intention of asserting

a "defense of reliance on counsel," evidence of conversations with counsel and what defendants believed them to suggest is relevant to the prong of good faith. (Def.'s Opp. (dkt #239) 2.) Given that defendants have disavowed any defense based on reliance on counsel, any argument relating to that defense will be barred. Still, defendant is correct that discussions with counsel *may* be relevant as evidence of good faith. However, defendants cannot use counsel's advice as both a sword and a shield, using privilege to escape production requirements while also purporting to have relied on counsel's advice to rebut an element of the case. Based on plaintiff's representations, that would appear to be the situation here at best. Certainly, defendants will not be able to introduce general evidence that its offering materials or other disclosures were reviewed by counsel. Still, the court will withhold on the admissibility of some *specific* legal correspondence or advice timely disclosed during discovery that might be admissible pending a proffer at the FPTC. Accordingly, plaintiff's motion is GRANTED IN PART AND RESERVED IN PART.

    c. **TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT RELATING TO THE SEC'S INVESTIGATION**

Plaintiff next seeks to bar any argument related to the SEC's investigation and how it was carried out. (Pl.'s Mot. (dkt. #195) 1.) Defendants contend that they have no intention of bringing up that investigation unless the SEC "opens the door." (Def.'s Opp. (dkt. 240) 1.) Specifically, defendants would object to the SEC using its investigative techniques or the alleged thoroughness of the investigation to bolster their credibility. (*Id.*) To the extent that this motion in limine is unopposed, it is GRANTED subject to the SEC not opening the door. The court and parties will discuss what would constitute "opening the door" at the FPTC.

### d. TO PERMIT THE SEC TO USE LEADING QUESTIONS ON DIRECT EXAMINATION OF ADVERSE WITNESSES AND TO PRECLUDE DEFENDANTS FROM USING LEADING QUESTIONS IN CROSS-EXAMINATION OF THESE WITNESSES

The SEC seeks permission to use leading questions against seven, supposedly adverse witnesses while barring defendants from doing the same in direct or clarifying questioning of those witnesses. (Pl.'s Mot. (dkt. #182) 1.) The relevant witnesses are Christopher Nohl, Michael Hull, Christopher Houden Jr., Christopher Houden Sr., William Johnson, William Metropolis, and James Zigras. (*Id.*) Defendants do not appear to oppose the SEC using leading questions against witnesses Nohl and Hull, who are also defendants in this case; however, they argue that there is no evidence as to the bias of any of the other five witnesses in favor of the defendants. (Def.'s Opp. (dkt. #245) 1.) As for Houden Sr., Houden Jr., and Johnson, the court finds it likely that they will be deemed adverse, given that each of these witnesses have significant, recent connections to the defendants. (Pl.'s Mot. (dkt. #182) 2.) Accordingly, the court will presume adversity as to these witnesses barring some contrary showing by defendants at the FPTC. As for Metropolis and Zigras, there is little evidence that the witnesses have current or recent relationships with the defendants. To that end, the court will reserve on the question of adversity until trial, absent some affirmative showing by the SEC at the FPTC. For now, the motion is GRANTED AS UNOPPOSED as to witnesses Nohl and Hull and RESERVED as to the remaining witnesses.

Separately, defendants have not opposed the request that defense not lead these same witnesses in any direct or clarifying exam, nor would there appear to be a basis to do so. As such, defendants will be barred from asking leading questions of any of these witnesses beyond those deemed purely preliminary and non-substantive.

    e.  **TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT RELATING TO CRIMINAL CHARGES NOT BEING FILED AGAINST DEFENDANTS**

The SEC has moved to bar argument regarding the lack of criminal charges filed against defendants. (Pl.'s Mot. (dkt. #184) 2.) Defendants appear to agree, except to note that no charges were brought if the SEC "opens the door" by referencing any criminal investigation of the defendants. (Def.'s Opp. (dkt. #241) 2.) Since this seems reasonable enough, the motion is GRANTED unless the SEC opens the door to discussion or evidence of any criminal investigations at trial. The court and parties will discuss what might constitute "opening the door" at the FPTC.

    f.  **TO PROHIBIT DEFENDANTS FROM CALLING SEC COUNSEL AS WITNESSES**

Defendant has filed no opposition to this motion in limine; as such, it is GRANTED AS UNOPPOSED.

    g.  **IN SUPPORT OF THE ADMISSION OF SUMMARY EXHIBITS AND ACCOMPANYING TESTIMONY PURSUANT TO FED. R. EVID. 1006**

Plaintiff has stated that it will offer summary exhibits subject to Federal Rule of Evidence 1006 (Pl.'s Not. (dkt. #204) 1), but without seeing the exhibits themselves or proof of proper production of the underlying documentation to defendants' counsel, there is no way for the court to determine whether the exhibits are accurate and unbiased summations consistent with F.R.E. 1006. Thus, plaintiff's motion is RESERVED, and it should proffer the proposed exhibit/exhibits under F.R.E. 1006, along with the underlying documents used to create the summary to opposing counsel, and the court will take up any timely objections as part of its ordinary review of proposed exhibits leading up to trial.

h. **IN SUPPORT OF PERMITTING "WHAT-IF-YOU-HAD-KNOWN" QUESTIONS**

The SEC has requested that it be allowed to ask "what-if-you-had-known" questions of investor and auditor witnesses. (Pl.'s Mot. (dkt. #190) 1.) However, plaintiff has not identified any specific witnesses or questions that it would ask under the broad umbrella. Thus, this motion is DENIED as excessively generic, while specific questions as to material misrepresentations that the SEC reasonably expects to establish may be posed to auditor and investor witnesses subject to appropriate objection. Either side may seek further, specific clarifications or guidance at the FPTC

i. **TO PRECLUDE SELF-SERVING HEARSAY TESTIMONY**

Three people involved in this case are unavailable: Mohsen Amiran and Jason Noyes are deceased; and Marcus Budil is expected to be out of the country. (Pl.'s Mot. (dkt. #198) 1.) The SEC has asked to prohibit defendants from offering self-serving, hearsay statements attributed to any of these three unavailable people. (*Id*.) Defendants meanwhile argue that statements attributed to those people either do not meet the definition of hearsay or are covered by an exception. (Def.'s Opp. (dkt. #242) 2-7.) Given that the parties have offered only a few examples of statements that may be objectionable, the court is again unable to provide a global ruling as to whether any specific statement attributed to these three constitutes inadmissible hearsay or is subject to a hearsay exception. The court will, therefore, RESERVE on this motion absent a specific proffer and encourages both parties to be prepared with such proffers at the FPTC. Additionally, if any party is able to contact Mr. Budil, the court would be open to his testifying by telephone or videoconference.

### j. EXCLUDE EXPERT TESTIMONY FROM DEFENDANT CHRISTOPHER NOHL

Finally, defendants have designated Christopher Nohl, who himself is a defendant, as an expert in this case. However, the SEC objects to his providing expert opinion testimony on the grounds that Nohl is not an expert, has not provided the basis for his opinions, and his expert report is simply a lengthy factual narrative. (Pl.'s Mot. (dkt. #200) 1.) The court must RESERVE its decision on this motion until the FPTC. The parties should be prepared to address at the FPTC the specific, disclosed subject areas of Nohl's expert opinion testimony under FRCP Rule 26, as well as whether Nohl truly has expertise as to each.

## II. Motions in Limine for Defendant

### a. TO EXCLUDE REFERENCE TO OR DISCUSSION OF ANY PECUNIARY GAIN OR LOSS BY INVESTORS

Defendants move to prevent the SEC from offering evidence of pecuniary gain or loss by investors, and more specifically opposing any evidence of the total amount lost. (Def.'s Mot. (dkt. #223) 2.) The SEC has cited case law supporting its position that evidence of loss is relevant to the materiality of omissions and argues that defendants' case law is inapposite. (Pl.'s Opp. (dkt. #231) 2-3.) Indeed, defendants' cited caselaw only refers to judges preventing defendants from using evidence that investors lost *no* money as a defense to fraudulent activity, sometimes referred to as a "no harm, no foul" defense. (Def.'s Mot. (dkt. #223) 2.) (quoting *SEC v. Amer. Growth Funding II, LLC* (S.D.N.Y. No. 16 Civ. 828) (Dkt. No. 167 at 5).) The court agrees that the holding in *Amer. Growth* is not applicable to this motion, and instead looks to caselaw provided by the SEC in support of its position. Accordingly, this motion is DENIED subject to defendants supplementing

its motion at the FPTC with specific evidence of losses that they believe lack reference or are unduly prejudicial.

### b. TO EXCLUDE REFERENCE TO AND ARGUMENT REGARDING DEFENDANT GREENPOINT TACTICAL INCOME FUND'S ALLEGED FAILURE TO FUND, OR LATE FUNDING OF AMIRAN

Defendants next argues that any argument related to Greenpoint's alleged failure to fund Amiran is irrelevant and should be barred, as it would only relate to a contract dispute. (Def.'s Mot. (dkt. #223) 5.)  In contrast, the SEC intends to argue that Greenpoint's alleged failure to fund Amiran is critical, negative information that was withheld from the fund's investors, amounting to a material omission.  (Pl.'s Opp. (dkt. #231) 6.)  As such, it is relevant to the SEC's claim that the defendants materially misled investors.  (*Id*.)  The court agrees that the SEC may at least advance this argument, making Amiran's funding relevant, and this motion is also DENIED.

### c. REGARDING PLAINTIFF'S USE OF THE SEC LOGO AND SLOGAN

Finally, defendants ask to prevent the SEC from using its logo or slogan, as such actions may give the SEC's arguments undue weight and authority to the jury.  (Def.'s Mot. (dkt. #223) 5.)  Within reasonable limits, this argument does not hold water:  it simply makes sense to allow plaintiff to explain who it is and what the organization is charged with doing.  Indeed, the SEC has provided voluminous caselaw where its seal or slogan has been allowed to be used, while defendants have offered no caselaw in opposition. (Pl.'s Opp. (dkt. #231) 8-9.)  As such, there is no basis to bar introduction of the SEC's logo or "slogan" here, and the motion is DENIED with the understanding that the court will treat "less as more," and all parties will be treated equally under the law.

ORDER

IT IS ORDERED that:

1) Plaintiff's motions in limine (dkts. ##175, 177, 179, 181, 183, 185, 187, 189, 191, 199) are GRANTED, DENIED AND RESERVED as set forth above.

2) Defendants' motions in limine (dkt. #223) are DENIED as set forth above.

Entered this 9th day of December, 2021.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge