IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

    Plaintiff,

v.

BLUEPOINT INVESTMENT COUNSEL, LLC,
MICHAEL G. HULL, CHRISTOPHER J. NOHL,
CHRYSALIS FINANCIAL LLC, GREENPOINT
ASSET MANAGEMENT II LLC, GREENPOINT
TACTICAL INCOME FUND LLC and GP RARE
EARTH TRADING ACCOUNT LLC,

    Defendants.

Case No. 19-cv-809-wmc

---

JUDGMENT IN A CIVIL CASE

---

IT IS ORDERED AND ADJUDGED that judgment is entered in favor of plaintiff United States Securities and Exchange Commission ("the Commission") against defendants Michael G. Hull, Christopher J. Nohl, Greenpoint Asset Management II LLC ("GAM II"), Chrysalis Financial LLC ("Chrysalis"), Bluepoint Investment Counsel LLC ("Bluepoint"), Greenpoint Tactical Income Fund LLC ("GTIF"), and Greenpoint Rare Earth Trading Account LLC ("GPRE") as follows:

1. finding that defendants violated Section 10(b) of the Securities Exchange Act of 1934 ("the Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 under the Exchange Act;

2. finding that defendants knowingly or recklessly violated Section 17(a)(1) of the Securities Act of 1933 ("the Securities Act"), 15 U.S.C. § 77q(a)(1);

3. finding that defendants knowingly, recklessly, or negligently violated Section 17(a)(2) of the Securities Act, 15 U.S.C. § 77q(a)(2);

4. finding that defendants knowingly, recklessly, or negligently violated Section 17(a)(3) of the Securities Act, 15 U.S.C. § 77q(a)(3);

5. finding that defendants Michael G. Hull, Christopher J. Nohl, GAM II, Chrysalis, and Bluepoint violated Section 206(1) of the Investment Advisers Act of 1940 ("the Advisers Act"), 15 U.S.C. § 80b-6(1);

6. finding that defendants Michael G. Hull, Christopher J. Nohl, GAM II, Chrysalis, and Bluepoint violated Section 206(2) of the Advisers Act, 15 U.S.C. § 80b-6(2); and

7. finding that defendants Michael G. Hull, Christopher J. Nohl, Chrysalis, and Bluepoint violated Section 206(4) of the Advisers Act, 15 U.S.C. § 80b-6(4), and Rule 206(4)-8 under the Advisers Act.

IT IS FURTHER ORDERED AND ADJUDGED that defendants Hull and Nohl, GAM II, Chrysalis, and Bluepoint are jointly and severally liable to the Commission for $12,560,647 in disgorgement and $3,537,378 in prejudgment interest.

IT IS FURTHER ORDERED AND ADJUDGED that defendants Hull and Nohl are ordered to pay $5,000,000 each in civil penalties, while defendants GAM II, Chrysalis, and Bluepoint are ordered to pay $500,000 each in civil penalties.

IT IS FURTHER ORDERED AND ADJUDGED that defendants shall satisfy their obligations by paying the ordered amounts to the Commission within 30 days after entry of this judgment, and that by making these payments, defendants relinquish all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to defendants. The Commission may enforce the judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this

judgment. The Commission may enforce the judgment for civil penalties by using all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any court orders issued in this action.

IT IS FURTHER ORDERED AND ADJUDGED that the Commission shall hold the funds, together with any interest and income earned thereon (collectively, "the Fund"), pending further order of this court. The Commission may propose a plan to distribute the Fund subject to the approval of the court. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.

IT IS FURTHER ORDERED AND ADJUDGED that defendants Hull and Nohl are permanently enjoined from participating, either directly or indirectly, in managing or liquidating GTIF (n/k/a "Alluvium") and its subsidiaries, as well as the issuance, purchase, offer, or sale of any other security more generally, including through any entity owned or controlled by them. Hull and Nohl may manage, buy, and sell investments for their own personal accounts, as well as on behalf of any immediate family members.

IT IS FURTHER ORDERED AND ADJUDGED that defendants Hull and Nohl are permanently enjoined from seeking to collect any fees, including via any organization controlled by them (e.g., H Informatics), from GTIF and its subsidiaries.

FINALLY, IT IS ORDERED AND ADJUDGED that the court retains jurisdiction of this matter for the purposes of enforcing the terms of its September 5, 2025, order, dkt. 449, as well as for the purposes of the administration of any distribution of the Fund.

Approved as to form this 6th day of October, 2025.

_____
William M. Conley
District Judge

_____             October 6, 2025
Joel Turner                                 Date
Clerk of Court